UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

| | | |
|---|---|---|
| **HARLAN LEE, ADM. OF THE ESTATE OF KATELYN M. LEE AND HARLAN LEE AND PENNY LEE, INDIVIDUALLY.** | : : : | Case No. _____ |
| | : | Judge _____ |
| Plaintiff, | : : | **NOTICE OF REMOVAL** |
| vs. | : : | |
| **THE MEDICAL PROTECTIVE COMPANY** | : : | |
| Defendants. | : : : | |

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, The Medical Protective Company ("Med Pro"), respectfully submits this Notice of Removal (the "Notice") of an action from the Mason Circuit Court, Commonwealth of Kentucky, Case No. 10-CI-00164, to the United States District Court for the Eastern District of Kentucky. In support of removal, Med Pro respectfully states the following:

### I.  THE STATE COURT ACTION

1. This civil action was commenced on May 14, 2010 in Mason Circuit Court.

2. Med Pro was served with a Summons and copy of the Complaint on May 20, 2010. True and accurate copies of the Summons, Complaint, and Plaintiff's Interrogatories and Requests For Production of Documents to Defendant, are attached hereto. These documents constitute all process, pleadings, and orders received by Med Pro in this matter. Med Pro has not filed pleadings in this case in the state court action.

3. As required by 28 U.S.C. §1446(b), this Notice of Removal is being filed within thirty (30) days after receipt by Med Pro of notice of the filing of this action.

4. This Court has jurisdiction over this civil action under diversity jurisdiction. Accordingly, this action may be removed from the Mason Circuit Court to the United States District Court for the Eastern District of Kentucky, Central Division by virtue of 28 U.S.C. §1441.

## II. BASIS FOR REMOVAL

5. 28 U.S.C. § 1441(a) generally provides that a defendant may remove any civil action brought in a state court to the district court of the United States located in the district and division where the action is pending if the district court possesses original jurisdiction over the matter.

6. Under 28 U.S.C. § 1332(a)(1), a district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

7. Plaintiffs Harlan Lee, Administrator of the Estate of Katelyn Michelle Lee, Harlan Lee, Individually, and Penny Lee, Individually (collectively, "Plaintiffs"), are citizens and residents of Maysville, Mason County, Kentucky, (See Complaint, ¶¶ 1 and 2).

8. Med Pro is an insurance company organized under the laws of the State of Indiana, with its principal place of business located at 5814 Reed Road, Fort Wayne, IN 46835.

9. Plaintiffs' Complaint alleges that Med Pro has violated the Unfair Claims Settlement Practices Act (See Complaint, ¶22). Plaintiffs seek compensatory damages in an amount to be determined at trial, including but not limited to, damages for emotional distress and mental anguish, damages allowed by KRS 446.070, and punitive damages for gross negligence

and/or wanton or reckless indifference to the rights of others, (See Complaint). Therefore, upon information and belief, the amount in controversy exceeds the sum of $75,000, which satisfies the requirement under 28 U.S.C. § 1332.

10. The state court from which this action is removed is within this Court's district and division.

11. Because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the civil action is between citizens of different states, diversity jurisdiction exists in this Court under 28 U.S.C.§ 1332, the state court action may be removed to this Court under the provisions of 28 U.S.C. §§ 1441 and 1446.

12. In accordance with 28 U.S.C. §1446(d), written notice of the filing of this Notice of Removal shall be given to all other parties.

13. In accordance with 28 U.S.C. §1446(d), Med Pro shall file a copy of this Notice of Removal with the Mason Circuit Court, Commonwealth of Kentucky.

### III. CONCLUSION

For the foregoing reasons, Med Pro respectfully requests that this action be removed to this Court for determination; that all further proceedings in the state court suit be stayed; and that Med Pro have all additional relief to which it is justly entitled.

Respectfully submitted,

*Of Counsel:*

/s/ *Lynda Hils Mathews*

Michael A. Roberts  
GRAYDON HEAD & RITCHEY LLP  
1900 Fifth Third Center  
511 Walnut Street  
Cincinnati, OH  45202-3157  
Phone:   (513) 621-6464  
Fax:        (513) 651-3836  

Lynda Hils Mathews, Esq. (KBA #89710)  
GRAYDON HEAD & RITCHEY LLP  
2400 Chamber Center Drive, Suite 300  
Ft. Mitchell, KY 41017  
Phone:  (859) 282-8800  
Fax:  (859) 525-0214  
lhilsmathews@graydon.com  
   *Attorneys for Defendant the Medical*  
   *Protective Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of June, 2010, a copy of the foregoing was electronically filed with the clerk of the court by using the CM/ECF system, and that a copy was served upon the following by U.S. Mail Service, postage prepaid:

William R. Garmer, Esq.
Jerome P. Prather, Esq.
Garmer & Prather, PLLC
141 North Broadway
Lexington, KY  40507

and on the following by Fedex, next day delivery:

Mason County Circuit Court Clerk
100 West Third Street
Maysville, KY  41056

                /s/ *Lynda Hils Mathews*
                Lynda Hils Mathews