TIME 2:13 pm
MAY 1 4 ANS'D
KIRK TOLLE MASON CIRCUIT CLERK
m. Berry D.C.

COMMONWEALTH OF KENTUCKY
MASON CIRCUIT COURT
CIVIL ACTION NO.: 10-CI- 00164

HARLAN LEE, ADMINISTRATOR
OF THE ESTATE OF KATELYN MICHELLE
LEE, AND HARLAN LEE AND PENNY LEE,
INDIVIDUALLY                                                         PLAINTIFFS

v.                          **COMPLAINT**

THE MEDICAL PROTECTIVE COMPANY                                       DEFENDANT

**SERVE BY CERTIFIED MAIL:**

Office of the Kentucky Secretary of State
Agent for Service of Process
The Capitol Building
700 Capital Avenue, Suite 152
Frankfort, Kentucky 40601

**WHO WILL FORWARD THE COMPLAINT TO:**

CT Corporation System
251 E. Ohio Street, Suite 1100
Indianapolis, IN 46204

\*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\*

COME the Plaintiffs, Harlan Lee, Administrator of the Estate of Katelyn Michelle Lee, Harlan Lee, individually, and Penny Lee, by counsel, and for their cause of action against the Defendant, The Medical Protective Company, state as follows:

1. The Plaintiff, Harlan Lee, was at all times stated herein the father of Katelyn Michelle Lee, and has been appointed Administrator of the Estate of Katelyn Michelle Lee, by order of the Lewis District Court entered on May 4, 2004, a copy of which order is

LAW OFFICES OF
Garmer & Prather, PLLC
141 North Broadway
Lexington, KY 40507
(859) 254-9351
FAX
(859) 233-9769

FILED
TIME 2:13 pm
MAY 1 4 2010
KIRK TOLLE MASON CIRCUIT CLERK
m. Berry D.C.

2. attached hereto and incorporated herein as Exhibit "A." Harlan Lee was at all times stated herein a citizen and resident of Maysville, Mason County, Kentucky.

2. The Plaintiff, Penny Lee, was at all times stated herein the mother of Katelyn Michelle Lee and was at all times stated herein a citizen and resident of Maysville, Mason County, Kentucky.

3. The Defendant, The Medical Protective Company, (hereinafter "MedPro"), is and was at all times stated herein the insurer of Maysville Obstetric and Gynecologic Associates, P.S.C. (hereinafter "MOGA"), and has its principal place of business at 5814 Reed Rd, Fort Wayne, IN 46835. MedPro's registered agent for service of process is CT Corporation System, 251 E. Ohio Street, Suite 1100, Indianapolis, IN 46204, and is organized and existing under the laws of Indiana for the purposes of providing insurance to customers, is licensed to do business in the Commonwealth of Kentucky by the Department of Insurance, license no. 301207, and is subject to personal jurisdiction in this state and may be served with process through the Kentucky Secretary of State pursuant to KRS 304.3-230 and KRS 454.210.

4. Beginning on or about January 6, 2003, until about September 1, 2003, Penny Lee was a patient under the care Laura L. Shower, M.D., a physician at MOGA, as well as other physicians employed by MOGA, for prenatal care and for the delivery of her infant, Katelyn Michelle Lee.

5. Beginning on or about January 6, 2003, until about September 1, 2003, MOGA was negligent and careless, in failing to diagnose, assess and appropriately treat Penny Lee's medical condition and timely, properly, and appropriately deliver her infant, Katelyn Michelle Lee, and said negligence and carelessness constituted a departure from the

LAW OFFICES OF
Garmer & Prather, PLLC
141 North Broadway
Lexington, KY 40507
(859) 254-9351
FAX
(859) 233-9769

standards, policies and regulations applicable to physicians acting in the same or similar circumstances.

6. As result of MOGA's failure to diagnose, assess and appropriately treat Penny Lee's medical condition and timely, properly, and appropriately deliver her infant, Katelyn Michelle Lee, Katelyn Michelle Lee died three weeks after she was born.

7. On September 22, 2004, Plaintiffs filed a lawsuit against Shower and MOGA in Mason Circuit Court, civil action no. 04-CI-244.

8. At the time of filing suit, MOGA was insured by the Defendant for any acts or omissions while performing professional services. The policy, no. 40313, had a limit of liability of $1,000,000.00 per claim filed.

9. MedPro acknowledged coverage for the Lee's claim and provided a defense in the litigation.

10. All conditions precedent to Defendant MedPro's obligation to provide coverage to MOGA under the policy had been performed or have occurred.

11. Defendant MedPro was aware, or with a reasonable investigation would have been aware, of the extent of Katelyn Lee's injuries and the liability of MOGA prior to the trial of this matter, which occurred in June 2007.

12. Prior to or during trial, liability had on the part of the insureds had become reasonably clear.

13. Prior to or during trial, the insureds consented to settlement on their behalf, which consent MedPro failed to acknowledge or act upon.

LAW OFFICES OF
Garmer & Prather, PLLC
141 North Broadway
Lexington, KY 40507
(859) 254-9351
FAX
(859) 233-9769

14. Following a trial on the matter, a judgment was entered for the Plaintiffs on July 3, 2007, in the amount of $117,888.03 in medical and funeral expenses, and $250,000 to Harlan Lee and $250,000 to Penny Lee.

15. Immediately following entry of judgment, it was reasonably clear that such judgment would be subsequently amended to increase the total amount of damages awarded.

16. Defendant, MedPro, did not pay any portion of the judgment until after final disposition by the Kentucky Supreme Court, although the outcome was reasonably clear.

17. On August 29, 2008, the Kentucky Court of Appeals rendered an opinion affirming the judgment as to liability and damages that were awarded, and remanded the case to the Mason Circuit Court for further proceedings to determine additional damages to the Estate of Katelyn Lee for loss of the ability to earn money.

18. The Defendant engaged in no serious settlement negotiations prior to or following the Court of Appeals' decision.

19. On August 19, 2009, the Kentucky Supreme Court denied MOGA's motion for discretionary review, rendering the opinion of the Court of Appeals final.

20. Although significant post-judgment interest had accrued at the time of final disposition by the Kentucky Supreme Court and under Kentucky law MedPro was liable for such interest payments beyond the limits of liability of the policy, MedPro did not fulfill its obligation to pay.

21. Despite Plaintiffs' willingness to negotiate a settlement within the policy limits before, during and after trial and during the course of the subsequent appeal by MOGA, Defendant MedPro refused at all times to negotiate settlement terms in good faith, even though liability had become clear.

LAW OFFICES OF
Garmer & Prather, PLLC
141 North Broadway
Lexington, KY 40507
(859) 254-9351
FAX
(859) 233-9769

22. Defendant MedPro has violated the Unfair Clams Settlement Practices Act, including but not limited to the following acts:

    (a) Failing to attempt in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear;

    (b) Compelling insureds to institute litigation to recover amounts due under an insurance policy by failing to make an offer of settlement before, during or after trial or during the pendency of the appeal, including after the Court of Appeals affirmed the jury verdict and remanded for determination of additional damages, offering substantially less than the amounts ultimately recovered in actions brought by such insureds;

    (c) Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;

    (d) Refusing to pay claims without conducting a reasonable investigation based on all available information.

23. As a direct and proximate result of MedPro's violations of the UCSPA, Plaintiffs have suffered substantial damages, including emotional distress and mental anguish in an amount greater than the minimum amount required to establish jurisdiction of this court.

24. MedPro's violation of the UCSPA subjects them to damages, as allowed by KRS 446.070.

25. Punitive damages are warranted against Defendant, MedPro for gross negligence and/or wanton or reckless indifference to the rights of others.

WHEREFORE, the Plaintiffs, Harlan Lee, Administrator of the Estate of Katelyn Michelle Lee, and Harlan Lee and Penny Lee, individually, demand:

LAW OFFICES OF
Garmer & Prather, PLLC
141 North Broadway
Lexington, KY 40507
(859) 254-9351
FAX
(859) 233-9769

1. Judgment against the Defendant, MedPro;

2. Punitive damages;

3. Pre-judgment interest;

4. Post judgment interest;

5. Trial by jury;

6. Costs and expenses herein; and,

7. Any and all other relief to which the plaintiffs may appear entitled.

Respectfully submitted,

ATTORNEYS FOR PLAINTIFF

WILLIAM R. GARMER
JEROME P. PRATHER
Garmer & Prather, PLLC
141 North Broadway
Lexington, Kentucky 40507
Telephone: (859) 254-9351
Facsimile: (859) 233-9769
Email: bgarmer@garmerprather.com
Email: jprather@garmerprather.com

_____
JEROME P. PRATHER

LAW OFFICES OF
Garmer & Prather, PLLC
141 North Broadway
Lexington, KY 40507
(859) 254-9351
FAX
(859) 233-9769