TO BE PUBLISHED IN FEDERAL SUPPLEMENT 2D

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 10-123 (WOB-CJS)

HARLAN LEE, Administrator of the
Estate of Katelyn M. Lee, and
HARLAN LEE and PENNY LEE,
Individually                                                                PLAINTIFFS

VS.                                          **OPINION**

THE MEDICAL PROTECTIVE COMPANY                    DEFENDANT

**Bertelsman, District Judge:**

This matter is before the Court on objections to a discovery order issued by a Magistrate Judge, holding that certain documents in a medical liability insurance company's file were privileged and need not be produced in discovery.

After careful review of the record, the Court holds that the objections must be sustained because the privilege was waived.

The case is a bad-faith action against an insurance company. This is what is known as a "third-party bad-faith" action. That is, the plaintiff here is not the insured doctor, but the plaintiffs in an underlying action. In that action, litigated in the Circuit Court of Mason County, Kentucky, the plaintiffs sued the insured physician and a limited liability corporation of which she was a shareholder. This underlying action claimed that the physician was guilty of negligence in delivering plaintiffs' baby, as a result of which

the infant died three weeks after birth. The case was vigorously defended by the physician and the insurance company.

This action alleges bad faith by the defendant insurance company in failing to timely settle the underlying case after a jury verdict awarded plaintiffs $ 617,888.03. After appropriate post-trial motions in the state court were denied, the insurance company appealed to the Kentucky Court of Appeals, which ruled for the plaintiffs. The company then sought discretionary review in the Supreme Court of Kentucky, which declined to accept the case.

Only then was the case settled for the policy limits, no offer having been made by the company before that time.

Since the physician, as was her right under the policy, had refused to authorize any settlement until shortly before trial, the plaintiffs assert bad faith only after the verdict was returned.

In taking the appeal, the insurance company retained appellate counsel who had not previously been involved in the defense. Trial counsel remained in the case as co-counsel on the appeal.

The company has asserted the defense of advice of counsel with respect to appellate counsel and is willing to waive the attorney-client privilege with respect to him. The company refused to waive the privilege with regard to the representation by trial counsel, however. The Magistrate Judge held that the company could so split such claim of privilege and denied a motion to compel production of trial counsel's file and the claim file pertaining to trial counsel's representation.

Timely objections were filed by plaintiffs, pursuant to Fed. R. Civ. P 72 (a), and briefing has been completed thereon.

## ANALYSIS

### 1. Is there a Privilege for the File of the Trial Counsel Retained by the Insurance Company?

Plaintiffs' first argument is that the file is not privileged because there is no attorney-client relationship between the insurance company and the attorney retained by it to defend the insureds. This argument is totally without merit. First, *Asbury v. Beerbower,* 589 S.W.2d 216 (Ky. 1979), clearly holds that statements, given by an insured to an adjuster before the company has hired an attorney, but to be given to the attorney who will ultimately be retained, partake of the insurer's attorney-client privilege. The implication is that the insurance company is the primary client.

Plaintiffs rely heavily on *American Ins. Ass'n v. Kentucky Bar Ass'n,* 917 S.W.2d 568 (Ky. 1996), but this reliance is misplaced. This case held that an attorney could not ethically agree to represent an insurance company for a fixed fee to cover all of the cases referred to him or her. The court observed that this would likely result in the insureds' defense being short-changed. But the court did not hold, as plaintiffs contend, that the insurance company was not the client of the attorney. Indeed, since the opinion concerned the propriety of a fee, the insurance company had to be the client of the attorney. The court implicitly recognized the dual relationship hereafter described.[1]

The true analysis of the relationship between the attorney hired by a liability insurer to represent the insured is that both are the attorney's clients. The rules applicable

---

[1] Plaintiff also cites *Knotts v. Zurich Ins. Co.,* 197 S.W.3d 512 (Ky. 2006). Far from supporting the plaintiffs' position, this case recognizes the joint representation by the attorney retained by the insurance company.

3

to joint representation apply. There is no privilege between the insured and the company as to any matters of common interest. There would, of course, be a privilege with respect to a third party. In matters in which the interest of the company and the insured diverge, such as a coverage issue, the company is the primary client, so that advice given to the company on such an issue by the attorney is privileged as to the insured.

If a conflict of interest arises, such as receipt of an offer within the policy limits in a case where an excess verdict is possible, the attorney must so advise the insured and advise him or her further about the possibility of an excess verdict and of his right to retain his own attorney. In such cases, the insured typically does retain her own attorney, as the physician did in this case.

The insured's personal attorney then typically writes a "bad-faith" letter to the insurer demanding that it settle within the policy limits and threatening to sue the company for bad faith if the company fails to settle and the insured is subjected to an excess verdict. This was also done in the underlying case here.

This Court, before coming to the bench, spent almost twenty years in this kind of practice, representing both insurance companies and insureds, and engaging in the type of situation described.

An extensive discussion of the principles concerning the "common interest" or "joint client" doctrine as applied in the liability insurance situation may be found in *Nationwide Mut. Fire Ins. Co. v. Bourlon,* 617 S.E.2d 40, 46-47 ( N.C. App. 2005) (citing many authorities). The court there explicitly rejected the holding of the trial court that the insurance company was not the client of the attorney it retained to defend its insured. *Id.* at 45-46. *See also Taylor v. Temple & Cutler*, 192 F.R.D. 552, 558 (E.D. Mich. 1999)

4

(holding, in third-party action, that the attorney-client privilege extended to private communications between insurer, insureds, and counsel retained pursuant to policy); *In re Klemann*, 5 N.E.2d 492, 495 (Ohio 1936) (recognizing that communication between insurer and attorney retained to represent insured is protected by the attorney-client privilege).

Therefore, but for the advice of counsel defense, the files sought were privileged as to the plaintiffs.

### 2. The privilege was waived.

#### a. Common law

As was explained above, the learned Magistrate Judge was correct in holding the files sought were privileged. However, it is clear that, for reasons not called to her attention by the parties, the privilege was waived by the insurance company.

First, the company stated, prior to the motion being filed, and reiterated at the hearing thereon, that it intended to rely on advice of counsel as a defense to the bad-faith claim asserted against it.

However, it tried to have its cake and eat it too, by claiming it was relying only on advice of appellate counsel, and thus the file of trial counsel remained privileged.

When a party asserts the defense of advice of counsel, it must demonstrate as a prerequisite that it has disclosed to counsel all pertinent facts. *See Kentucky Farm Bureau Mut. Ins. Co. v. Burton*, 922 S.W.2d 385, 389 (Ky. App. 1996) (citations omitted); *Kirk v. Marcum*, 713 S.W.2d 481, 484 (Ky. App. 1986). In the case at bar, for the company to rely on advice of appellate counsel that the appeals were taken and handled in good faith, the entire case file would have had to be disclosed, including the

5

history of negotiations. By signing the briefs, appellate counsel had to certify the appeal was taken in good faith and not for purposes of delay. Ky. Civ. Rule 11. How could he know this without having reviewed the history of the negotiations and all other aspects of the case?

Further, trial counsel was co-counsel in the appeal and communicated with the insurance company during the course of it.

A party may not have two attorneys, claim advice of counsel by one, perhaps having told that one only the good facts while making the other attorney the repository of the unfavorable ones.

### b. *Federal Rule of Evidence 502*

No one called to the Magistrate Judge's attention the passage in 2007 of Federal Rule of Evidence 502. Under this new Rule, in a federal proceeding -- although state law still applies to the existence of a privilege in a diversity case -- federal law (as stated in the Rule) controls waiver. Rule 502 (f).

With regard to the federal criteria for waiver, the Rule provides:

**Rule 502. ATTORNEY-CLIENT PRIVILEGE AND WORK PRODUCT; LIMITATIONS ON WAIVER**

**(a) Disclosure Made in a Federal Proceeding or to a Federal Office or Agency; Scope of a Waiver.**
When the disclosure is made in a federal proceeding or to a federal office or to a federal office or agency and waives the attorney-client privilege or work-product protection, the waiver extends to an undisclosed communication or information in a federal or state proceeding only if:

(1) the waiver is intentional;
(2) the disclosed and undisclosed communications or information concern the same subject matter; and
(3) they ought in fairness to be considered together.

It is apparent that the criteria for waiver apply to this case precisely:

1. The partial waiver associated with claiming the advice of appellate counsel is intentional;

2. The disclosed and undisclosed material concern the same subject matter: the issue of bad faith;

3. To assure against selective disclosure, the disclosed and undisclosed material should be considered together.

The Advisory Committee Notes comprise five full pages of fine print in West's rules compilation. They make clear that the rule is designed to avoid unjust consequences for inadvertent disclosure of privileged matter, but to crack down on selective disclosure such as is being attempted here.

Concerning the advice of counsel defense, the notes state:

The rule governs only certain waivers by disclosure. Other common-law waiver doctrines may result in a finding of waiver even where there is no disclosure of privileged information or work product. *See, e.g., Nguyen v. Excel Corp.* 197 F.3d 200 (5th Cir. 1999) (reliance on an advice of counsel defense waives the privilege with respect to attorney-client communications pertinent to that defense.).

Fed. R. Evid. 502 advisory committee's note.

The *Nguyen* decision cited by the Advisory Committee holds that in a wage and hour case the defendant "waived the attorney-client privilege by selectively disclosing confidential communications. . . . A client implicitly waives the attorney-client privilege by testifying about portions of the attorney-client communication." *Nguyen*, 197 F.3d at 207. In a footnote to this holding, the *Nguyen* court emphasizes "a client's inability to, at once, employ the privilege both as a sword and a shield." *Id*. n.18.

Continuing, the court further cited *U.S. v. Woodall*, 438 F.2d 1317, 1324 (5th Cir. 1970) (*en banc)*, which held: "[A] client's offer of his own or his attorney's testimony as to a specific communication constitutes a waiver as to all other communications on the

7

same matter [because] 'the privilege of secret communication is intended only as an incidental means of defense, and not as an independent means of attack, and to use it in the latter character is to abandon it in the former.'" *Id*. n.19 (internal citation omitted).

Applying these principles to the case at bar, this Court holds that, in addition to a waiver arising from the doctrine of advice of counsel, the insurance company has waived the attorney-client privilege by having its appellate counsel testify to privileged matters.[2]

Therefore, as the Court previously observed, the bad-faith issue is a "seamless web," and the insurance company cannot disclose selective communications made by appellate counsel, while concealing communications it may have received from trial counsel on the same subject.[3]

As observed by the learned authors of *Federal Practice and Procedure*:

> When a party puts privileged matter in issue as evidence in a case, it thereby waives the privilege *as to all related privileged matter on the same subject.*
>     . . . .
> [This principle] applies in situations in which the privilege holder seeks to use some protected material as evidence but asserts privilege to withhold other related material from disclosure. In that situation, the use of some privileged material as evidence provides a basis for insisting that all related material also be disclosed. . . . This traditional type of waiver presents little difficulty and should apply in many situations, *such as when a party relies on advice of counsel* in connection with the matters in suit.

8 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2016.6 (3d ed. 2008) (emphasis added).

---

[2] The insurance company also permitted its trial counsel to be deposed on privileged advice, including his evaluation of the case, but since there was an agreement that his testimony would not waive the privilege as to other matters not discussed, the Court does not rely on the disclosures in that deposition. Nevertheless, permitting such deposition is indicative of the company's attempts to use the privilege doctrine "as both a sword and a shield."

[3] The insurance company makes much of the argument that it must protect the privilege of its insureds in any communications they may have made to trial counsel. The insureds have testified extensively and much of their privilege may have been waived. Nevertheless, the Court will permit any communications made to or from them that are subject to the attorney-client privilege to be redacted from the documents to be disclosed.

The annotations accompanying the above quotation show that asserting advice of counsel for one attorney or investigator waives the privilege as to other attorneys in the matter. *See, e.g, Minnesota Specialty Crops, Inc. v. Minnesota Wild Hockey Club, L.P.*, 210 F.R.D. 673, 678-79 (D. Minn. 2002); *Immuno Vital, Inc. v. Telemundo Group, Inc.*, 203 F.R.D. 561, 564 (S.D. Fla. 2000).

Therefore, it is evident that in this case the insurance company's asserting the defense of advice of appellate counsel as to its exercise of good faith also waived the privilege as to trial counsel's file relating to the same subject.

An appropriate order has already issued. (Doc. 80).

This 30th day of April, 2012.

Signed By:
**William O. Bertelsman** *WOB*
United States District Judge